E-FILED
Thursday, 25 April, 2019  03:43:09 PM
Clerk, U.S. District Court, ILCD




FILED

APR 25 2019

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

# Complaint

HYE-YOUNG PARK, a/k/a LISA PARK,

Plaintiff

v.

Case No:  *19 – 2107*

KAAMILYAH ABDULLAH-SPAN,
MENAH PRATT-CLARKE,
MICHAL T. HUDSON,
HEIDI JOHNSON,
ROBERT E. STAKE, in their individual and official capacities,

and THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS

Defendants.

NOW COMES the Plaintiff, HYE-YOUNG PARK, and for her Complaint

against Defendants KAAMILYAH ABDULLAH-SPAN, MENAH PRATT-CLARKE,

MICHAL T. HUDSON, HEIDI JOHNSON, ROBERT STAKE, and THE BOARD OF

TRUSTEES OF THE UNIVERSITY OF ILLINOIS, alleges as follows:

i

# TABLE OF CONTENTS

I.    OVERVIEW.................................................................................................1

    Setting..................................................................................................1

    Parties...................................................................................................1

    Case Summary........................................................................................5

II.   JURISDICTION..........................................................................................9

III.  PREVIOUS LAWSUITS.............................................................................10

IV.   RES JUDICATA & COLLATERAL ESTOPPEL.............................................12

V.    STATEMENT OF CLAIM AND RELIEF......................................................16

    Outline................................................................................................16

    Injury..................................................................................................19

    Counts.................................................................................................20

VI.   CONCLUSION..........................................................................................42

VII.  APPENDIX...............................................................................................43

    Appendix 1. No Status, No Jurisdiction..................................................43

    Appendix 2. Evidence for Two Colluders................................................46
    (Kaamilyah Abdullah-Span and Menah Pratt-Clarke)

# I.    OVERVIEW

**Setting**

After earning her Ph. D. in August 2013 at the University of Illinois (UIUC), Plaintiff, Hye-Young Park, also known as Lisa Park, was employed at the University from October 1, 2013 to September 30, 2014 during which she was still considered **as a student with a F1 visa while being an employee with Optional Practical Training ("OPT").** She is now a permanent resident of the United States.

During her F1 OPT, she became the victim of sexual harassment and retaliation. She sought for assistance from the Office of Diversity, Equity, and Access (ODEA)[1] only to be rejected. Further, ODEA retaliated against her.

Thus, she filed a lawsuit.

**Parties (Defendants)**

---

[1] Recently (late 2017), the ODEA was changed to the Office for Access & Equity (OAE). ODEA is used herein since it was the name for the Office during the relevant period.

The following Defendants (University Defendants[2]) except Charles

Secolsky are involved in the current case.

| The Board of Trustees (The Board) | Body corporate and politic<br><br>352 Henry Administration Building, MC-350 506 S. Wright St. Urbana, IL 61801 |
|---|---|
| Michal T. Hudson (Hudson) | Senior Title IX and ADA Specialist, at the Office of Diversity, Equity, and Access (ODEA)<br><br>616 E. Green Street Champaign, Illinois 61820<br><br>mthdsn@illinois.edu |
| Heidi Johnson (Johnson) | Director, ODEA<br><br>616 E. Green Street Champaign, Illinois 61820<br><br>johnso19@illinois.edu |
| Kaamilyah Abdullah-Span (Abdullah-Span) | Senior Associate Director, ODEA |

---

[2] Depending on the context, University Defendants will be referred to as (1) (the Board of Trustees), Abdullah-Span, Pratt-Clarke, Hudson, Johnson, & (Stake);(2) (the Board of Trustees), Abdullah-Span, Pratt-Clarke & (Stake); & (3) (the Board of Trustees), Hudson, Johnson, &(Stake).

|  | 616 E. Green Street Champaign, Illinois 61820 <br><br> kabdulla@illinois.edu |
|---|---|
| Menah Pratt-Clarke (Pratt-Clarke) | Associate Provost for Diversity <br><br> 303 International Studies Building 910 South Fifth Street Champaign, IL 61820 and/or 104 Swanlund Administration Building, 601 East John Street Champaign, IL 61820 <br><br> menahpc@illinois.edu |
| Robert E. Stake (Stake) | Professor Emeritus; Director, the Center for Instructional Research and Curriculum Evaluation (CIRCE); Instructor for EPSY 490E <br><br> 192 Children's Research Center 51 E. Gerty Champaign, IL 61820 <br><br> stake@illinois.edu |
| Charles Secolsky (Secolsky)[3] | a Visiting Researcher, (CIRCE); instructor for EPSY 490E |

---

[3] Judgment in Case 15-2136 was entered that Secolsky was "clothed" with the apparent authority of state law and was, therefore, acting under the color of state law.



**Case Summary**

This case is about two senior scholars' (Stake and Secolsky) sexual harassment and retaliation.[4]  Both covered up their sexual harassment by making a false statement that Park seduced them.[5]

This case also is about University officials' (including Stake as Secolsky's supervisor) deliberate indifference to Park's complaints by first claiming that Secolsky had no status and, soon after, that Park had no status, and thus they had no jurisdiction over her complaints.

When Park continued to engage in a statutorily protected activity, University officials (including Hudson, Johnson, Abdullah-Span, and  Pratt-Clark) covered  up their wrongdoings by attempting to sabotage her valid

---

[4] In 2012, Stake sexually assaulted Park. In 2013, he also suddenly leaned in and stuck his tongue into Park's mouth in 2013.

When Plaintiff avoided Stake physically after his kiss, Stake retaliated against her by telling Secolsky to take her out from the session at the International Congress of Qualitative Inquiry (ICQI) at UIUC. **This retaliation was uncovered during discovery.**

[5] To fabricate a story that Park was romantically interested in Secolsky, Secolsky told Hudson that he and Park went to a concert. The fact is Park went to the concert with a group of people in the College of Education, including Secolsky. She drove herself to get there.

Stake told Hudson that "Park went to a basketball game in March/April with Secolsky." (Hudson's meeting note on August 4, 2014). The fact is that Park went to the basketball game with a group of people including Stake, Stake's wife, Stake's grandson, Secolsky, and a graduate student.

status by manipulating Nancy Abelmann, Park's OPT sponsor, **and** making a false statement that Park was neither a student nor employee at UIUC at the time of investigation. See Appendix 1 herein.

When Park's suit arose, the University Defendants *ironically* argued that Park had **no status** at the time of investigation while acknowledging her F1 OPT which is employment with student visa.

During the discovery in Case 15-2136, additional facts were uncovered, including the fact that Abdullah-Span, *Associate Provost for Diversity*, and Pratt-Clark (Hudson's supervisor), *Senior Associate Director, ODEA* had been orchestrating Park's case from the beginning; they collaborated to dismiss her complaints by claiming Park had no status at UIUC.[6]

Improper actions from University Defendants led to continuous sexual harassment and retaliation while adding an enormous amount of stress to Park's already existing stress and suffering caused by Stake and Secolsky.

---

[6] See #1, Att.15. Exhibit H; #10, Case 18-2090; and Appendix 2 herein for evidence that Kaamilyah Abdullah-Span and Menah Pratt-Clarke were deeply involved in the case from the beginning along with M.T. Hudson and Heidi Johnson.

Stake exercised his authority in his sexual misconduct toward and retaliation against Park while he did not exercise his authority by being deliberately indifferent to Secolsky's misconduct and further for his personal gain.

When Stake needed Secolsky's assistance,

"He brought Secolsky to the University, listed himself and Secolsky as instructors in the EPSY490E class, allowed Secolsky to substitute teach his courses, present papers, lecture on survey research methodology, advise and mentor doctoral students in Stake's case study classes, and even suggested that Secolsky use the title 'Professor, visiting CIRCE, Illinois.' To any student or outside observer, who did not have access to University personnel files, Secolsky had all the appearance and authority of an employee/instructor at the University of Illinois." (#162, pp.35-36, Case 15-2136).

However, when Park's suit arose, Stake avoided his responsibility for Secolsky's misconduct by claiming:

"The Plaintiff made accusations concerning Secolsky to Defendant Stake, to which Stake rebuffed her efforts for him to take action because he did not believe that Secolsky was employed with the University of Illinois, and further indicated that he could not help. (See d/e 1, pp. 7-8, ¶39(b), I.) Accordingly, Stake took no action against Secolsky, and Plaintiff's dissatisfaction or displeasure with the response by Stake is not actionable. Thus, Count XV should be dismissed." (#21, p.2, Case 15-2136).

All Defendants took advantage of Park's international status, which was close to expiration; she would soon have to leave the country and they decided to use that to their advantage. Further, the Judge's impartiality against Park may reasonably be questioned in Case 15-2136.[7] All of these have caused considerable physical and emotional damage to Park.[8]

This case involves violations of **Federal Anti-Discrimination law** regarding sex, race, age, and nationality. Therefore, neither the Eleventh Amendment sovereign immunity nor qualified immunity do not protect University Defendants.

The current complaint mostly utilizes:

(1) #29 (Plaintiff's Combined Brief), Case 18-3225.

(2) #s 293 & 308-1 (Plaintiff's Motion to Supplement), Case 15-2136.

(3) #s 1, 5, & 10 (Plaintiff's Complaints), Case 18-2090.

(4) #21 (Plaintiff's Brief) and #27 (Plaintiff's Petition for Rehearing), 18-2101.

---

[7] See #323, Case 15-2136.

[8] See #293, pp.114-121 and #293-2 (Appendix 2: Significant Medical Records, pp.1-126), Case 15-2136 for damages.

## II.    JURISDICTION

This Court has jurisdiction over the claims pursuant to (a) 28 U.S.C. § 1331 because some of the claims arose under federal law; (b)  28 U.S.C. §1391 because the occurrences took place in Champaign County; and (c) 28 U.S.C. §1367(a) for the Court's supplemental jurisdiction over the state claim.

## III.    PREVIOUS LAWSUITS

1. The Plaintiff (Park) filed her first lawsuit in this court (Case No. 15-2136),
   appealed (Case Nos. 18-3017 & 18-3225), and filed Plaintiff's Combined
   Brief as of April 10, 2019.

2. During the discovery[9] in Case No. 15-2136, it was uncovered that several
   staff members , including Abdullah-Span and Pratt-Clarke, were deeply
   involved in Park's complaints with the ODEA, and they collaborated to
   dismiss her complaints.

3. Park filed another lawsuit to add Abdullah-Span and Pratt-Clarke (Case
   18-2090).

4. The District Court terminated the case (18-2090) by applying the doctrine
   of *res judicata* under 28. U.S.C. 1915(e)(2)(B)(i).

5. Park appealed the decision (Case 18-2101).

6. On appeal, the Panel (#22, Case 18-2101) agreed with Park (Appellant's
   Brief #21) that the addition of the two new defendants  defeats the
   doctrine of *res judicata*. However, they dismissed the case under the

---

[9] Completion date: December 6, 2017.

doctrine of *collateral estoppel* by blindly following Judge Bruce's nonfactual misstatements. See #22 &23, Case 18-2101, as well as #s 308-1, 310, 321, & 323,[10] Case 15-2136.

| Defendants for Case 15-2136 | Defendants for Case18-2090 |
|---|---|
| The Board of Trustees (University). Michal T. Hudson (Hudson). Heidi Johnson (Johnson). Robert E. Stake (Stake). Charles Secolsky (Secolsky). | The Board of Trustees (The Board). Kaamilyah Abdullah-Span (Abdullah-Span). Menah Pratt-Clarke (Pratt-Clarke). |

| Trial Court (Central District of Illinois, Urbana Division) | Appellate Court (7th Circuit Court of Appeals) |
|---|---|
| Case No. 15-cv-2136 | Case Nos. 18-3017 & 18-3225 (under progress)[11] |
| Case No. 18-cv-2090 | Case No.18-cv-2101 (dismissed) |

---

[10] In Docket #323, 18-cv-**0290** should be replaced with 18-cv-**2090**.

[11] On April 10, 2019, Park submitted her COMBINED BRIEF (#29, Case 18-3225).

## IV.  RES JUDICATA & COLLATERAL ESTOPPEL

The doctrines of "*res judicata*" and "*collateral estoppel*" do not prevent Park from filing the current suit because her issues in Cases 18-2101 and 15-2136 were not decided on the merits. The rulings were founded on nonfactual misstatements. Park's appeal against University Defendants is still under progress in Case 18-3225.

To apply the doctrines, several requirements must be met. One of them is that the original action must have received final judgment on the merits, not based on a technicality. (National Paralegal College).[12]  According to the legal dictionary, "Decision on the merits is a decision based on evidence rather than on technical or procedural grounds."

The judgments in Cases 18-2101 and 15-2136 were based on **nonfactual misstatements** presented and the law applied to those misstatements. See the following for evidence.

(1) #29, 18-3225.

(2) #s 308-1, 309, 309-1, 310, 313, 314, 321, and 323, Case 15-2136.

---

[12] https://lawshelf.com/courseware/entry/res-judicata-and-collateral-estoppel

(3) #s 27, 29, 31, and 34, Case18-2101.

The Seventh Circuit Court of Appeals did not provide any reason for denying Park's Brief (#21), Petition for Rehearing (#27), Motion for Clarification of the Denial of the Petition for Rehearing (#29), Motion to Recall the Mandate (#34) other than blindly following the District Court's misstatements in Case 15-cv-2136.

Judge Bruce knew that the following statements were nonfactual through Park's filings in Case No. 18-cv-2090; in fact, he stated, "Plaintiff filed two Motions to Supplement Complaint (#5), (#7). Those motions (#5), (#7) are GRANTED" while he dismissed the case (18-cv-2090).

See the Appellate Court Orders #s 28, 30, 32, and 35 in Case 18-2101 for details.

The Court order (#22, 18-2101) states:

We agree with Park that the addition of the two new defendants defeats res judicata, *see Taylor v. Sturgell*, 553 U.S. 880, 893–96 (2008), but her claims are blocked for another reason—the doctrine of collateral estoppel. "Issue preclusion [collateral estoppel] bars successive litigation of an issue of fact or law actually litigated and resolved in a valid determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Dexia Credit Local v. Rogan*, 629 F.3d 612, 628 (7th Cir. 2010); *see also Grede v. FCStone, LLC*, 867 F.3d 767, 776 (7th Cir. 2017). Although collateral estoppel is an affirmative defense, a court may raise it sua sponte, as we do here, if it is plainly apparent from the face of the complaint. *Arizona v. California*, 530 U.S. 392, 412 (2000); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

Here, there are precise issues of fact and law that were actually litigated and necessarily decided in the underlying case. Park's Title VI and Title VII claims against the Board are based on the "same, or nearly the same, factual allegations" as undergirded her due-process claim in the first suit. *Barr*, 796 F.3d at 840 (internal quotation marks omitted). Specifically, the Title VI, Title VII, and due process claims are all based on her allegation that the Board was responsible for the university officials' failure to stop the harassment. The district court concluded in the first suit that the

---

Board was not responsible for the harassment she suffered because Park could not point to any instance of harassment after she complained to the ODEA. Similarly, regarding her allegations here of discrimination based on sex and national origin, the district court determined in the first suit that Park could not identify a single instance of harassment after she complained to the ODEA, so no university defendant could be liable for failing to correct a situation that did not require remedying. Finally, regarding Park's allegations here of retaliation based on race, sex, and national origin, the district court determined in the first suit that there was no causal link between her complaint to the ODEA and her professor ending her immigration sponsorship.

AFFIRMED

These are nonfactual misstatements.

The bottom line is that the court rulings in Cases 15-2136 and 18-2101 were founded on nonfactual misstatements (downright untrue), which the panel in Case 18-2101 blindly followed without due diligence.

The rulings were not founded on the merits; thus, neither the doctrines of *res judicata* nor *collateral estoppel* is applied to the current case.

## V.   STATEMENT OF CLAIM AND RELIEF

**Outline**

The Counts[13] brought against Defendants are:

- Count XIV. Discrimination/Hostile Educational Environment, Title IX of the Education Amendments of 1972 [20 U.S.C. 1681 et seq.] (Park v. BOT).[14]

- Count XV. Denial of Substantive Due Process [42 U.S.C. § 1983] (Park v. Abdullah-Span and Pratt-Clarke in their individual and official capacities, as well as Hudson, Johnson, and Stake in their official capacities).[15]

- Count XVI. Denial of Substantive Due Process [42 U.S.C. § 1983] (Park v. BOT).

---

[13] Count # starts with XIV for convenience (consistent with the count #s of the previous cases).

[14]Filing a suit against Abdullah-Span, and Pratt-Clark automatically accompanies charges (Counts XIV, XVI, XIX, & XX) against the Board of Trustees of the University of Illinois. Therefore, the current complaint is not a duplicate. See #22, 18-2101. The evidence of Abdullah-Span and Pratt-Clarke's involvement was uncovered during the discovery of Case 15-2136. See Appendix 2 herein.

[15] Park sued Hudson, Johnson, & Stake only in their individual capacities in Case 15-2136; she was not allowed to add the counts regarding Hudson and Johnson's OFFICIAL capacities to her amended complaint (#44) because this Court dismissed Counts XVI through XIX of the original Complaint (#1), 15-2136, applying the Eleventh sovereign immunity.

- Count XVII. Retaliation, [775 ILCS 5, *et seq.]* (Abdullah-Span, Pratt-Clarke, and Stake in their individual and official capacities, as well as Hudson and Johnson in their official capacities).

- Count XVIII. Retaliation, 42 U.S.C. § 1981,] (Abdullah-Span, Pratt-Clarke, and Stake in their individual and official capacities, as well as Hudson and Johnson in their official capacities).

- Count XIX. Retaliation, [42 U.S.C. § 1981] (Park v. BOT).

- Count XX. Retaliation, Title IX of the Education Amendments of 1972 [20 U.S.C. 1681 et seq.] & [28 C.F.R. § 42.107(e)] (Park v. BOT).

- Count XXI. Intentional Infliction of Emotional Distress (Abdullah-Span, Pratt-Clarke, and Stake in their individual and official capacities, as well as Hudson and Johnson in their official capacities).

- Count XXII. Defamation, Common law and Illinois Defamation Law (Park v. Abdullah-Span, Pratt-Clarke, Hudson, Johnson, and Stake in their individual and official capacities).

- Count XXIII.  Defamation, Common law and Illinois Defamation Law (Park v. BOT).

- Count XXIV. Sex, Race, & National Origin Discrimination, Title VII of the Civil Rights Act of 1964 [42 U.S.C. 2000e *et seq.*]  Park v. Abdullah-Span, Pratt-Clarke, Hudson, Johnson, and Stake in their individual and official capacities.

- Count XXV. Race & National Origin Discrimination, Title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d *et seq.*] (Park v. BOT).

- Count XXVI. Age Discrimination (Park v. Abdullah-Span, Pratt-Clarke, and Stake in their individual and official capacities, as well as Hudson and Johnson in their official capacities).

- Count XXVII. the Age Discrimination Act of 1975 [42U.S.C. 6101 *et seq.*], (Park v. the Board).

- Count XXVIII. Respondeat Superior (Park v. BOT) for each (Abdullah-Span, Pratt-Clarke, Hudson, Johnson, Stake, and Abelmann) defendant's official act.[16]

---

[16]

a. The counts (XV, XVII, XVIII, XXII, & XXIV) against University Defendants' official capacities lead to the respondeat superior count against the Board of Trustees for Abdullah-Span, Pratt-Clarke, Hudson, & Johnson's OFFICIAL acts.

b. While Park would not be suing Nancy Abelmann, she wants to add Count XXVI against the Board of Trustees for respondeat superior liability for the OFFICIAL acts of Abelmann (her withdrawal of Park's OPT sponsorship).

c. Park requested the appellate court (Case 18-3225) allow her to add (1)  Count (XV) against Hudson, Johnson, and Stake's OFFICIAL acts; (2) Counts (XVII & XVIII) against Hudson and Johnson's OFFICIAL acts; & (3) Counts (XXIV & XXV) against the Board of Trustees for respondeat superior liability for the OFFICIAL acts of Hudson, Johnson, Stake, and Abelmann.

**Injury**

University Defendants' acts in Counts XIV-XXVIII have caused injury to Park, which led to physical damages including heart complications and going to the ER from a heart attack

It is hard to isolate (1) injuries from Secolsky, Stake, Pratt-Clarke, Abdullah-Span Hudson, Johnson, and; (2) injuries from one defendant's misconduct (Stake's sexual misconduct, his lies, and deliberate indifference to Secolsky's sexual harassment); (3) physical, mental, and emotional injuries as the experiences interact with one another.

The Defendants in all the counts caused Park to suffer physical damage, severe emotional distress, and educational damage, all of which have continued to the present day.

See evidence: #279 (Transcript), pp.1-51; #293, pp. 114-122; #293-2 (Park's medical record in Korea and in the US), pp.1-127, Case 15-2136.

---

If Park is permitted to amend her complaint, she will withdraw such counts against Hudson, Johnson, and Stake in their OFFICIAL acts, as well as respondeat superior counts accordingly in the current case.

**Counts**

The majority of the following description of the Counts comes from #1 (Complaint), #33 (Court Order), #162 (Court Order), Case 15-2136, as well as #29 (Plaintiff's Combined Brief), 18-3225.

**Count XIV.**  Discrimination/Hostile Educational Environment, Title IX (Park v. BOT). Count XIV alleges discrimination/hostile work environment against Defendant Board pursuant to Title IX (20 U.S.C. § 1681). The Board failed to comply with Title IX's anti-discrimination provisions when one of its officials with authority (***Abdullah-Span and Pratt-Clarke***) failed to take corrective action regarding Secolsky's misconduct and was deliberately indifferent to it.

WHEREFORE, Plaintiff respectfully requests this Court enter Judgment in favor of Plaintiff, HYE-YOUNG PARK, and against Defendant BOARD OF TRUSTEES OF THE UNIVERSITYOF ILLINOIS, to award her compensatory damages of $1,712,000.

**Count XV.** Denial of Substantive Due Process [42 U.S.C. § 1983] (Park v. Abdullah-Span and Pratt-Clarke in their individual and official capacities, as well as Hudson, Johnson, and Stake in their official capacities).

*Count XV* alleges denial of substantive due process under 42 U.S.C. §
1983 against University Defendants ( Abdullah-Span, Pratt-Clarke, Hudson,
Johnson, and Stake) for being personally involved by turning a blind eye to
Secolsky's actions, and alleges that they were deliberately indifferent to
Plaintiff's rights and safety in that they failed to take corrective action
regarding Secolsky's unconstitutional conduct and failed to prevent Secolsky
from further harassing Park and retaliating against her. This deliberate
indifference to Secolsky's unconstitutional conduct violated the Equal
Protection Clause of the Fourteenth Amendment. See #29, pp 67-79, Case 18-
3225.

Kaamilyah Abdullah-Span and Menah Pratt-Clarke had been deeply
involved in the case from the beginning along with Michal T. Hudson and
Heidi Johnson. See # 1, Att:15 & 10, 18-2090 for the evidence and Appendix 2
herein.

*Count XV* also alleges that **Stake** deprived Park of her federal
constitutional right to equal protection as to sexual discrimination under the
Fourteenth Amendment when Stake suddenly leaned in and aggressively
stuck his tongue into Park's mouth after lunch at Kamakura on October 14,
2013. The kiss was based on at least in part because of Park's gender.

- 21 -

WHEREFORE, Plaintiff respectfully requests this Court enter Judgment in favor of Plaintiff, HYE-YOUNG PARK, and against Defendants to award as follows:

ROBERT STAKE, MICHAL T. HUDSON, and HEIDI JOHNSON, for their deliberate indifference to Secolsky's sexual harassment *in their official capacities:*

Stake to award $ 294,000.

Hudson to award $ 197,000.

Johnson to award $ 248,000.

KAAMILYAH ABDULLAH-SPAN and MENAH PRATT-CLARKE for their deliberate indifference to Secolsky's sexual harassment and retaliation in their individual and official capacities:

Abdullah-Span to award Park's compensatory damages of $689,000, punitive damages of $ 1,425,000.

Pratt-Clarke to award Park's compensatory damages of $ 941,500 and punitive damages of $1,895,000.

ROBERT STAKE for his own sexual harassment in his individual and official capacities to award Park's compensatory damages of $ 1,357,000 and

punitive damages of $ 2,712,000.

**Count XVI.** Denial of Substantive Due Process, 42 U.S.C. § 1983 (Park v. BOT). Count XVI alleges denial of substantive due process against the Board for endorsing a policy or custom, through its agents (***Abdullah-Span and Pratt-Clarke***) that allowed Secolsky to continue in his actions. It further alleges that University Defendants' misunderstandings about what they were allowed or required to do under the law were the result of a failure by the University to provide adequate training or supervision to policymakers and their subordinates so that it resulted in deliberate indifference towards those such as Plaintiff.

WHEREFORE, Plaintiff respectfully requests this Court enter Judgment in favor of Plaintiff, HYE-YOUNG PARK, and against Defendant BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, to award her compensatory damages of $4,352,000.

**Count XVII.** Retaliation, [775 ILCS 5, et seq.] (Abdullah-Span, Pratt-Clarke, and Stake in their individual and official capacities, as well as Hudson and Johnson in their official capacities).

- 23 -

*Count XVII* alleges University Defendants' retaliation (Abdullah-Span, Pratt-Clarke, Hudson, Johnson, and Stake) when one of its officials retaliated against Park for her protected activity regarding Secolsky's sexual and racial discrimination. See #29, pp 80-89, Case 18-3225.

Stake, as Secolsky's supervisor, refused to listen to Park's complaints regarding Secolsky although he knew Secolsky had romantically been interested in Park no later than January 6, 2014 (See #293, p. 113, Case 15-2136). Further, he did not respond to Park's multiple follow-up emails (See #293, pp.110-112) while discussing things about Park with Secolsky behind her back (See #293, p.34). This is *direct evidence* of Stake's retaliation for Park's complaint filing with the ODEA regarding Secolsky and Stake's misconduct.

*Count XVII* also alleges Stake's retaliation after Park rejected his advances. When Park avoided Stake physically after his kiss, he retaliated against her by ordering Secolsky to take her out from the session at the International Congress of Qualitative Inquiry (ICQI) at UIUC, even though the session lacked presenters.  See #293, pp.65-67, Case 15-2136.

Stake's such retaliation was uncovered during the discovery.

WHEREFORE, Plaintiff respectfully requests this Court enter Judgment in favor of Plaintiff, HYE-YOUNG PARK, and against Defendants to award as follows:

ROBERT STAKE, MICHAL T. HUDSON, and HEIDI JOHNSON, for their deliberate indifference to Secolsky's sexual harassment and retaliation in their official capacities:

Hudson to award $ 178,000.

Johnson to award $ 249,000.

KAAMILYAH ABDULLAH-SPAN, MENAH PRATT-CLARKE, and ROBERT E. STAKE for their retaliation in their individual and official capacities:

Abdullah-Span to award Park's compensatory damages of $278,000, punitive damages of $ 692,000.

Pratt-Clarke to award Park's compensatory damages of $ 349,000 and punitive damages of $6,792,000.

Stake to award Park's compensatory damages of $ 350,000 and punitive damages of $7,000,000.

ROBERT STAKE for his retaliation against Park due to her opposing his

own sexual misconduct in his individual and official capacities to award Park's compensatory damages of $ 2,357,440 and punitive damages of $ 5,547,320.

**Count XVIII.** Retaliation, 42 U.S.C. § 1981] (Abdullah-Span, Pratt-Clarke, and Stake in their individual and official capacities, as well as Hudson and Johnson in their official capacities). Count XVIII alleges University Defendants' retaliation against Park for her complaints about Secolsky's racial discrimination. See #29, pp 80-89, Case 18-3225.

Count XVII alleges Stake's retaliation as Secolsky's supervisor for Park's complaints about Secolsky's racial discrimination as described in Count XVII.

WHEREFORE, Plaintiff respectfully requests this Court enter Judgment in favor of Plaintiff, HYE-YOUNG PARK, and against Defendants to award as follows:

MICHAL T. HUDSON and HEIDI JOHNSON, for their deliberate indifference to Secolsky's sexual harassment and retaliation in their official capacities:

Hudson to award $ 193,000

Johnson to award $ 248,000

KAAMILYAH ABDULLAH-SPAN, MENAH PRATT-CLARKE, and ROBERT

E. STAKE, for their retaliation in their individual and official capacities:

Abdullah-Span to award Park's compensatory damages of $688,000, punitive damages of $ 1,395,000.

Pratt-Clarke to award Park's compensatory damages of $ 945,000 and punitive damages of $2,948,000.

Stake to award Park's compensatory damages of $ 942,000 and punitive damages of $2,914,000.

**Count XIX.** Retaliation, 42 U.S.C. § 1981 (Park v. BOT). Count XIX also alleges the same § 1981 retaliatory discharge against the Board, because University Defendants (***Abdullah-Span, Pratt-Clarke, and Stake***) were acting pursuant to policy or custom of the University to permit retaliation for complaints such as those made by Park.

WHEREFORE, Plaintiff respectfully requests this Court enter Judgment in favor of Plaintiff, HYE-YOUNG PARK, and against Defendant BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, to award her compensatory damages of $3,352,000.

2:19-cv-02107-CSB-EIL   # 1   Page 30 of 44


**Count XX.** Retaliation, Title IX (Park v. BOT). Count XX similarly alleges retaliation against the Board that it violated Title IX in that one of its officials (***Abdullah-Span, Pratt-Clarke, and Stake***) retaliated against Plaintiff for her protected activity, as alleged in Counts XVII and XVIII.

WHEREFORE, Plaintiff respectfully requests this Court enter Judgment in favor of Plaintiff, HYE-YOUNG PARK, and against Defendant THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, to award her compensatory damages of $4,357,000.

**Count XXI.** Intentional Infliction of Emotional Distress (Park v. Abdullah-Span, Pratt-Clarke, and Stake in their individual and official capacities, as well as Hudson and Johnson in their official capacities). University Defendants knew that Park had experienced severe physical, emotional distress due to Secolsky's misconduct,[17] yet, by ignoring her complaints and retaliating against her, they acted in deliberate disregard of a high probability that emotional distress would follow and caused more serious emotional/physical distress to Park.

---

[17] Park informed ODEA that she had been seeing her psychiatrist due to sexual harassment.

While Park was desperately seeking help from ODEA and others regarding Secolsky's sexual harassment and retaliation, ODEA was seeking a way to dismiss her complaints. ODEA stopped their investigation even after Park notified Secolsky's retaliation. See #29, pp 67-89, Case 18-3225 and #293, pp.65-67, Case 15-2136.

WHEREFORE, Plaintiff respectfully requests this Court enter Judgment in favor of Plaintiff, HYE-YOUNG PARK, and against Defendants to award as follows:

ROBERT STAKE, MICHAL T. HUDSON, HEIDI JOHNSON, KAAMILYAH ABDULLAH-SPAN, and MENAH PRATT-CLARKE in their individual and official capacities:

Stake to award Park's compensatory damages of $ 947,000, punitive damages of $ 2,358,000.

Abdullah-Span to award Park's compensatory damages of $ 483,000, punitive damages of $ 1,124,000.

Pratt-Clarke to award Park's compensatory damages of $ 749,000 and punitive damages of $1,489,000.

Hudson to award Park's compensatory damages of $ 294,000 and

punitive damages of $ 597,000.

Johnson to award Park's compensatory damages of $ 448,000 and punitive damages of $ 993,000.

University Defendants also intentionally inflicted emotional distress on Park by denying her status at UIUC at the time of investigation, which leads to defamation charges.

**Count XXII.** Defamation, Common Law and Illinois Defamation Law (Park v. Abdullah-Span, Pratt-Clarke, Hudson, Johnson, and Stake in their individual and official capacities).

To validate their claim that ODEA had no jurisdiction over Park's complaints, they denied Park's F1OPT as a status. This is a defamatory false statement, which violates provisions of Federal statute prohibiting national origin discrimination.  See #29, pp 71-73, Case 18-3225.

The ODEA also spread the false statements to others, including Reginald J Alston (Associate Chancellor), Secolsky, and Stake, who passed the same false statements to Park and others.

After meeting with Hudson, Secolsky told Park that she had no status at

UIUC so there was nothing she could do regarding her complaint. Stake also denied Park's F1 OPT as a status. See #126, pp.12-13, 15-2136.

ODEA also informed Alston that Park had no status at UIUC; Alston let Park know that he heard from ODEA that she had no status:

| | |
|---|---|
| From: | Alston, Reginald J |
| Sent: | Friday, August 22, 2014 12:25 AM |
| To: | Abdullah-Span, Kaamilyah |
| Cc: | Pratt-Clarke, Menah; Johnson, Heidi; Hudson, Michel Thomas |
| Subject: | Re: Update 2 for the Friday meeting--(My identity at the U of I) CONFIDENTIAL |

Hello Kaamilyah,

Thanks for sharing the information. I'll keep you informed of my discussions with Ms. Park.

Reggie

---
Reginald J. Alston, Ph.D.
Associate Chancellor & Professor
University of Illinois

On Aug 21, 2014, at 11:40 PM, "Abdullah-Span, Kaamilyah" <kabdulla@illinois.edu> wrote:

> Hi Reggie,
>
> I wanted to send you a brief summary of ODEA's involvement with Ms. Park. Ms. Park contacted
> ODEA a few weeks ago with allegations of inappropriate contact with an individual, who by all
> accounts, appears to have no relationship with the University. Ms. Park reports that an emeritus
> professor with whom she has worked recommended that she contact this individual for assistance
> with extending her visa status. It does not appear that this individual is providing any University-
> related service or assistance to Ms. Park. Further, our review of University systems does not show
> that Ms. Park has a current affiliation with the University. Due to these two factors - no known
> relationship with the University for either Ms. Park nor the individual against whom she's lodging
> her complaint - ODEA does not have jurisdiction to respond to Ms. Park's allegations. As such, we
> have advised Ms. Park to sever the relationship with the individual with whom she has concerns.
>
> M.T. has been the individual in our office who has been in contact with Ms. Park. If you have any
> questions or need any additional information based on the information on the information that Ms.
> Park has provided to you, please do not hesitate to contact M.T.
>
> Thanks,
> *Kaamilyah*
>
>
> From: Alston, Reginald J
> Sent: Thursday, August 21, 2014 12:14 PM
> To: Pratt-Clarke, Menah
> Subject: Fwd: Update 2 for the Friday meeting--(My identity at the U of I) COFIDENTIAL
>
> Menah,

Park-004344

- 31 -

The statute of limitations for defamation in Illinois, 735 IL CS 5/13-201 (one year) does not apply to the current case because ODEA still proclaims that "she (Park) was neither a student nor an employee on the campus." This is a defamatory false statement, which has harmed Park's reputation and has caused her suffering to this day and in the future as well. The defamatory false statement is inconsistent with the equitable implementation of a statutory scheme as a matter of facts and law.

WHEREFORE, Plaintiff respectfully requests this Court enter Judgment in favor of Plaintiff, HYE-YOUNG PARK, and against Defendants to award as follows:

ROBERT STAKE, MICHAL T. HUDSON, HEIDI JOHNSON, KAAMILYAH ABDULLAH-SPAN, and MENAH PRATT-CLARKE in their individual and official capacities:

Stake to award Park's compensatory damages of $ 94,000, punitive damages of $ 200,000.

Abdullah-Span to award Park's compensatory damages of $ 193,000, punitive damages of $ 250,000.

Pratt-Clarke to award Park's compensatory damages of $ 128,000 and punitive damages of $ 246,000.

Hudson to award Park's compensatory damages of $ 94,000 and punitive damages of $ 193,000.

Johnson to award Park's compensatory damages of $ 114,000 and punitive damages of $ 239,000.

**Count XXIII.**  Defamation, Common Law and Illinois Defamation Law (Park v. BOT). Count XXII charge against University Defendants leads to Count XXIII charge against the Board.

WHEREFORE, Plaintiff respectfully requests this Court enter Judgment in favor of Plaintiff, HYE-YOUNG PARK, and against Defendant BOARD OF TRUSTEES OF THE UNIVERSITYOF ILLINOIS, to award her compensatory damages of $ 492,000.

**Count XXIV.** Sex, Race, & National Origin Discrimination, Title VII of the Civil Rights Act of 1964 [42 U.S.C. 2000e *et seq.*]  (Park v. Abdullah-Span, Pratt-Clarke, Hudson, Johnson, and Stake in their individual and official capacities).

All the Counts (XV, XVII, XVIII, XXI, XXII, XXIV, & XXVI) against Abdullah-Span, Pratt-Clarke, Hudson, Johnson, and Stake presuppose a violation of sex, race, and national origin discrimination, Title VII of the Civil Rights Act of

- 33 -

1964 [42 U.S.C. 2000e *et seq*.]. Therefore, Park also brings Title VII violation against them. Count XXIV charge against University Defendants leads to Count XXV charge against the Board.

WHEREFORE, Plaintiff respectfully requests this Court enter Judgment in favor of Plaintiff, HYE-YOUNG PARK, and against Defendants to award as follows:

ROBERT STAKE, MICHAL T. HUDSON, HEIDI JOHNSON, KAAMILYAH ABDULLAH-SPAN, and MENAH PRATT-CLARKE in their individual and official capacities:

Stake to award Park's compensatory damages of $ 97,500, punitive damages of $ 194,000.

Abdullah-Span to award Park's compensatory damages of $ 128,000, punitive damages of $ 244,000.

Pratt-Clarke to award Park's compensatory damages of $ 128,000 and punitive damages of $ 249,000.

Hudson to award Park's compensatory damages of $ 97,500 and punitive damages of $ 196,000.

Johnson to award Park's compensatory damages of $ 113,000 and punitive damages of $ 234,000.

**Count XXV.** Race & National Origin Discrimination, Title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d *et seq.]* (Park v. BOT). All the Counts (XIV, XVI, XIX, XX, XXIII, XXV, XXVII, & XXVIII) against the Board presuppose a violation of sex discrimination, Title IX of the Education Amendments of 1972 [20 U.S.C. 1681 et seq.], as well as racial and national origin discrimination, Title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.]. Therefore, Park also brings Title VI violation against the University in that (1) University Defendants[18] discriminated against her because of her international status; they did not consider F1 OPT as an employment status. They stick to this position to this day, which is discrimination against a "national origin group" and (2) University Defendants discriminated against her because of her sex and race; they participated in Secolsky's sex and race discrimination against Park through their deliberate indifference to Park's complaints about Secolsky's sexual harassment and retaliation.

---

[18]Abdullah-Span, Pratt-Clarke, Hudson, Johnson, and Stake

- 35 -

University Defendants' discrimination regarding national origin discrimination against Park continues to this day as shown in the defamation counts (Counts XXII & XXIII); therefore, the statute of limitations to file Title VI and VII claims does not apply to the current case. It is also not desirable to file the claims to EEOC at this time of writing.[19]

WHEREFORE, Plaintiff respectfully requests this Court enter Judgment in favor of Plaintiff, HYE-YOUNG PARK, and against Defendant BOARD OF TRUSTEES OF THE UNIVERSITYOF ILLINOIS, to award her compensatory damages of $ 300,000.

**Count XXVI.** Age Discrimination (Park v. Abdullah-Span, Pratt-Clarke, and Stake in their individual and official capacities, as well as Hudson and Johnson in their official capacities).

University Defendants discriminated against her because of her age. They considered Park as "a highly educated adult at the time of the alleged harassment, who voluntarily associate herself with" Secolsky (#125, p.25, Case 15-2136), therefore, she was able to deal with Secolsky's sexual

---

[19] Plaintiff had a hard time contacting EEOC in year 2014.

- 36 -

harassment or she should have dealt with it by herself as an adult. They stated

(emphasis added):[20]

> "Here, we have Plaintiff, a highly educated **adult** at the time of the alleged harassment, who voluntarily associated herself with a nonemployee, nonagent, nonstudent of the University, who allegedly endured harassment at Secolsky's apartment, away from school facilities, and who continued to associate with Secolsky in a professional relationship, away from University facilities even after the alleged harassment took place. (UMF ¶¶ 2, 16, 21, 32)."

> "The University could, in no way, direct the conduct of **two adults**, being the Plaintiff, a nonstudent on OPT status, and Secolsky, a nonstudent, nonemployee, nonagent, third party not under the University's control." (id., p.26).

> "In sum, Hudson and Johnson were not in a "special relationship" with Plaintiff because she was not a student of the University, Hudson and Johnson did not actively conceal any abuse, and Plaintiff is **an adult** and thus beyond the considerations of Sandra T.E. v. Grindle. Plaintiff cannot impose any duty or liability on Hudson or Johnson on this basis." (id., p.44).

Stake also stated:

---

[20] University Defendants knew that
(1) Park was on F1 OPT through UIUC at the time of investigation.
(2) Secolsky taught Stake's class and participated in activities under CIRCE. Stake allowed Secolsky to use the titles "professor/visiting scholar" at CIRCE and "instructor" in a class (EPSY 490E) at UIUC.
(3) Park was involved in several pieces of University-related academic work with Secolsky from January 2014, including the Culturally Responsive Evaluation and Assessment (CREA) hosted by the College of Education on September 19, 2014.

""Certainly, Dr. Secolsky's alleged conduct of showing a sexually explicit video, discussing his sex life, or asking ***an adult*** for a kiss (UMF, ¶¶19, 24, 25) does not 'shock the conscience.'" (#126, p.16).

University Dependants' Ignorance of Park's complaint partly due to her being an adult involves age discrimination. It is especially true when Park relayed significant documentation which shows sexual harassment to the ODEA and also informed them of how she had sought outside help through her medical records, which includes:

(1)    On March 25,2014, Park visited her primary care, then, she was referred to a psychologist on April 9 for evaluation, as well as a psychiatrist on May 7.

(2)    On June 3, 2014, she met Shameen Rakha who knows Stake and Secolsky well, to address her issue with Secolsky and receive assistance from Rakha.

(3)    On June 2, 2014, at the advice of her psychiatrist, she contacted Stake and finally met Stake on June 21, 2014 to report Secolsky's sexual misconduct, but to no avail.

(4)     On June 25, 2014, subsequently, Park visited Women's Resource

Center (WRC) where she was referred to the Office of Diversity,

Equity, and Access (ODEA).

(5)     She also visited Human Resources (HR) twice to address her

concerns with Stake, Secolsky, and ODEA.

(6)     HR contacted ODEA.

Park tried to solve the issue with Secolsky and Stake's sexual

harassment within herself. She endured due to her academic relationship with

them; the harassers have more power in academia. However, Secolsky's

sexual harassment especially grew over time to the point where Park

desperately needed help.

Any person in any age can ask for assistance when the person cannot

endure or is helpless. Individuals of various ages are protected from sexual

misconduct.  See the evidence of Park's physical, mental, emotional suffering

and loss of her normal life from all Defendants: #279 (Transcript), pp.1-51;

#293, pp. 114-122; #293-2 (Park's medical record in Korea and in the US),

pp.1-127, Case 15-2136.

WHEREFORE, Plaintiff respectfully requests this Court enter Judgment

in favor of Plaintiff, HYE-YOUNG PARK, and against Defendants to award as follows:

ROBERT STAKE, MICHAL T. HUDSON, HEIDI JOHNSON, KAAMILYAH

ABDULLAH-SPAN, and MENAH PRATT-CLARKE in their individual and official capacities:

Stake to award Park's compensatory damages of $ 94,000, punitive damages of $ 198,000.

Abdullah-Span to award Park's compensatory damages of $ 125,000, punitive damages of $ 248,000.

Pratt-Clarke to award Park's compensatory damages of $ 130,000 and punitive damages of $ 250,000.

Hudson to award Park's compensatory damages of $ 94,000 and punitive damages of $ 198,000.

Johnson to award Park's compensatory damages of $ 119,000 and punitive damages of $ 238,000.

**Count XXVII.** the Age Discrimination Act of 1975 [42U.S.C. 6101 et seq.], (Park v. the Board). Count XXVII alleges the Board violation of Federal anti-

discrimination laws regarding age through University Defendants in Count XXVI.

WHEREFORE, Plaintiff respectfully requests this Court enter Judgment in favor of Plaintiff, HYE-YOUNG PARK, and against Defendant BOARD OF TRUSTEES OF THE UNIVERSITYOF ILLINOIS, to award her compensatory damages of $ 797,000.

**Count XXVIII.** Respondeat Superior (Park v. Stake) for Secolsky's official act in Counts I-IX. Secolsky was "clothed" with the apparent authority of state law and was, therefore, acting under the color of state law. See #162, pp. 30-36, Case 15-2136 and #29, pp. 16-53, 18-3225.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in favor of Plaintiff, HYE-YOUNG PARK, and against Defendant Stake, to award her compensatory damages of $150,000 and Punitive damages $350,000 awarded from Secolsky for Counts I, II, V, VI, VIII, and IX as to sex claim.[21]

---

[21] Park will request this Court enter judgment in favor of Plaintiff, HYE-YOUNG PARK, and against Defendant Stake, to award her compensatory damages and Punitive damages  awarded from Secolsky for Counts III, IV, VII, and IX as to racial claim.

**Count XXIX.** Respondeat Superior (Park v. BOT) for each (Abdullah-Span, Pratt-Clarke, Hudson, Johnson, Stake, Secolsky, and Abelmann) defendant's official act in Counts XV, XVII, XVIII, XXI, XXII, XXIV, & XXVI.

WHEREFORE, Plaintiff respectfully requests this Court enter Judgment in favor of Plaintiff, HYE-YOUNG PARK, and against Defendant BOARD OF TRUSTEES OF THE UNIVERSITYOF ILLINOIS, to award her compensatory damages of $ 7,853,000.

And the costs of this action; and to grant such other relief as this Court deems just and proper, which applies to all counts.

## VI.    CONCLUSION

Plaintiff requests trial by a jury of twelve.

WHEREFORE, for the above and foregoing reasons, the Plaintiff, HYE-YOUNG PARK respectfully submits this Complaint.

Respectfully summitted,
Date: April 25, 2019
Pro se, Plaintiff, Hye-Young Park

101 Paddock Dr. E. Apt # A3
Savoy, IL 61874
Cell Number: 217-766-4752
hpark15hpark@gmail.com

- 42 -